Parke v. Thompson *et al.*; Buck, *Appellant.*

**Equity**: QUESTION OF FACT: EVIDENCE SUPPORTING DECREE. The only question contained in this appeal being the validity and binding effect of an assignment of a trust fund; *Held*, this being a question of fact, and as the evidence, although conflicting, supports the decree, it is affirmed.

*Appeal from Jackson Circuit Court.*—Hon. F. M. Black, Judge.

Affirmed.

*Samuel P. Sparks* for appellant.

Only two questions are involved in this case. 1st, What kind of an estate did Jane and T. P. Thompson take under the will? 2nd, Was the assignment to appellant, Buck, procured by such means that it should be set aside in equity? We think that the decision of the circuit court in construing the will was correct. R. S. 1865, p. 231, § 45. But the court erred in rescinding the contract of assignment to appellant, for the reason that there was no evidence to justify such action, and must have been founded on presumption, arising alone from the relation of Buck to the trustee. *Bernecker v. Miller*, 44 Mo. 132. There is nothing in this case to take it out of the general doctrine, where all the facts bearing upon the transaction, will as well consist with honesty as dishonesty and fraud. The court ought not to find it to be corrupt and fraudulent; the proof of fraud should be perfectly satisfactory. *Dallam v. Renshaw*, 26 Mo. 533. What the evidence of Thompson and Wood tended to show, that Parke, the executor, told them, and the representations which the court found he made, were not representations, even if true. These were mere expressions of opinion. *Union National Bank v. Hunt*, 76 Mo. 439; 1 Perry on Trusts, § 174. If the court could have presumed fraud from the facts that interpleader, Buck,

was the partner and son-in-law of the executor, the evidence of Col. Elliott, that he explained to them at the time the deed was executed, the nature and extent of the security given the executor by Ridings & Co., completely rebutted the presumption. The deed of assignment was executed Oct. 31st, 1878. Jane Carr and her husband, up to the date of her death, in 1879, were never heard to complain. Nor T. P. Thompson, until June 15th, 1880, but both parties as late as Oct. 31st, 1879, received goods in part payment of the balance due from Buck, and with full knowledge of the condition of the fund. Disaffirmance for fraud must be exercised promptly. *Estes v. Reynolds*, 76 Mo. 563; *Hart v. Handlin*, 43 Mo. 171; *Dougherty v. Stamps*, 43 Mo. 243; 48 N. Y. 200; 9 Hare, 232; 5 De. G. M. & G. 139; 4 Paige 537; 24 Wend. 74; 3 Sneed 220; 7 Rob. Pr. Ch. 25, § 2, p. 482; 5 R. I. 130. Courts will rarely rescind an executed contract without proof of fraud. *Reese v. Smith*, 12 Mo. 344; *Ownes v. Ownes*, 8 C. E. Green.

*G. N. Elliott* for respondent.

MARTIN, C.—This was a suit in equity by a trustee to obtain a judicial construction of a clause in a will under which the trustee received and holds a trust fund.

On the 12th day of December, 1867, one Hugh Parke of Johnson county died, leaving a will, which contains the following clause: "It is my will that three thousand dollars be paid to Joseph Parke, to be invested in United States gold bearing bonds for the use and benefit of my sister, Jane Thompson, and her minor son, Thos. P. Thompson, the interest arising from said investment to be paid by the trustee to my sister and her son annually for their support and maintainance, and in case of death of either of said beneficiaries before the son, Thomas P. Thompson, shall attain his majority, then the surviving one shall be entitled to have and enjoy the entire amount of said money."

Jane Thompson afterwards intermarried with Enoch Carr, and died on the 20th of August, 1879, leaving her

son, Thomas P. Thompson, surviving. He had attained his majority sometime before the decease of his mother. The trustee who asks for a construction of the will, maintains in his petition, that as the contingency provided for did not happen, the legacy has lapsed, and is now vested in the brothers and sisters of the testator, whose names are recited by him, but not included as parties to the suit. The public administrator of Johnson county in charge of the estate of Jane Carr deceased, claims one-half of the fund. Thomas P. Thompson, the surviving legatee claims one-half of it, and concedes the other half to his mother's administrator. D. H. Buck the appellant claims the whole fund, as assignee of both legatees. His position is antagonistic to that of the trustee in the construction of the will. He necessarily contends that the legacy did not lapse, but remained vested in the legatees from whom he holds an assignment. Both Thos. P. Thompson and Mrs. Carr's administrator put in issue the binding effect of the assignment. They plead a state of facts tending to impeach its validity and ask to have it annulled. The assignee, in his replication, denies the facts relied on by them to avoid it.

Most of the oral evidence in the record relates to the assignment.

The court in its decree, construing the will, declared that the legacy had not lapsed, holding that Jane Thompson and Thos. P. Thompson took a vested interest in the fund, upon condition that, if either died before Thomas P. Thompson became of age, then the fund should become the property of the other. The assignment to Buck was set aside, and the purchase money paid thereon, in the sum of $169, was ordered to be returned to Mr. Buck from the trust fund. The trustee was ordered to pay one-half of the fund to Thos. P. Thompson, and the other half to the administrator of Mrs. Carr. From this decree Buck alone has appealed. The trustee who contended that the legacy lapsed, by not appealing, necessarily accepts the decree, and must abide by it. The construction of the will contended for by

Buck, which denies a lapse of the legacy, and regards it as remaining to the legatees was decided in his favor. The decree of the lower court on this point is final, and is not involved in the appeal which brings the record before us.

The only question contained in this appeal involves the validity and binding effect of the assignment, and this is a question of fact, which the court below decided against the appellent. I have examined the evidence bearing on this issue, and although it is apparently conflicting in substance and weight, it supports the decree. It appears from the evidence that the legatees were unfamiliar with matters of business, aud that confidential relations existed between them and the trustee, to whom they resorted for advice and friendly counsel; that the trustee had entertained, and expressed an intention of buying the interests of the legatees and that pending negotiations, to that effect, he had negligently if not designedly, permitted them to remain in ignorance of the amount and actual condition of the fund entrusted to him under the will; that the controverted assignment was made to Mr. Buck, who was his business partner and that it was effected under circumstances strongly indicating that Mr. Buck was acting in behalf of the trustee, who could not safely purchase in his own name; that the legatees were in straightened circumstances at the time, and were impressed by the trustee with the belief that the failure of the bank in which the fund had been deposited might result in a loss of the fund. The attitude of the trustee in this proceeding does not contribute a very favorable impression as to his conduct towards his beneficiaries. He favors giving the fund over to parties whom he does not include in his suit, thus making a plea for persons who do not come forward to make one for themselves. After the decision of the lower court, from which he does not appeal, he submits in the appellate court a brief to overturn the decision which is binding upon him as final. The same attorney who acted as counsel for the trustee in advising him that he could not safely buy the interests of the legatees,

acted as counsel for Buck advising him to buy, and drafted the instrument of assignment for him, which was signed by the legatees in the presence of the trustee and assignee.

Without stopping to discuss the import of the facts, surrounding the transaction, I will content myself with saying that the decree of the court on this issue was, in my opinion, just and equitable. Accordingly it is affirmed. All concur.